The transcript from Lincoln did not state that a foreman to the grand jury had been appointed. The entry, after stating the term, and the judge who held the court, set forth that "the following grand jury was impaneled, sworn, and charged, to wit, A. B., foreman, etc., who returned a bill of indictment, etc." The indictment was also indorsed, "A true bill. A. B., foreman." Neither did the transcript from Lincoln set out any motion made by the prisoner for the removal of the cause to Iredell; but his affidavit of those facts upon which such orders are usually made was copied into and formed a part of the record.
On the trial the solicitor introduced a witness in behalf of the State, one Jones, who was objected to by the prisoner on the ground that he was an accomplice. His Honor, however, overruled the objection, and the witness was examined before the jury. He swore that while one Kennedy and himself were at the house of the prisoner, making preparations to carry off several stolen negroes, the prisoner gave them the form of a bill of sale for a slave, and directed them to draw by that form four others; that Kennedy accordingly drew four bills of sale to him, the witness, each for a slave, signed them as an attesting witness, and put two other names to them, as witnesses also; that these bills of sale were given to the prisoner, without any name being to them as a vendor; that the prisoner took them, *Page 239 
and in about three hours returned them with the name of John Moore signed as the vendor. After the examination of Jones, the solicitor offered, for the purpose of supporting his testimony, to read to the jury the four bills of sale. The counsel for the prisoner objected to the introduction of these papers unless they were proved by the subscribing witnesses. This objection was also overruled by his Honor, and the papers were read to the jury.
After a verdict for the State, the counsel for the prisoner obtained a rule for a new trial on account of the introduction of incompetent testimony; which being discharged, they moved in arrest of judgment for the following reasons: (365)
1. Because the record did not show that a foreman to the grand jury had been appointed by the Superior Court of Lincoln.
2. Because it did not appear upon the record that the cause was removed from Lincoln on the motion of the prisoner.
The presiding judge overruled the motion, and awarded judgment of death; from which the prisoner appealed.
On the first question arising on the motion for a new trial as to the competency of Jones, the decision of the Superior Court was in conformity to the principles of the common law and the long-established course of practice in this State. In deciding upon the competency of a witness, the court can exclude him only after conviction of an infamous offense or for direct interest in the event of the cause. The confession of guilty, simply, without a conviction, is not sufficient to render a man legally infamous; for a copy of the judgment, as well as the conviction, must be produced; and therefore the testimony of an avowed accomplice may, in all cases, be taken, even though an indictment has been found against him for the offense respecting which his evidence is admitted. Hawkins, B. 2, ch. 46, sec. 94. Allowing the partakers in the crime to convict their companions in guilt was introduced in the room of the old custom by which they were allowed to become approvers, in that the court exercised a discretionary power whether to admit them or not; but they are bound to admit accomplices, even though they have received a (366) promise of pardon, or are entitled by some statute to claim a reward on the prisoner's conviction. Wills, 425; Hawkins, B. 2, ch. 46; 4 Black. Com., 330. The accomplice may *Page 240 
entertain a hope of pardon, if he make a free disclosure, and therefore he must have some interest in the conviction of the offender. This may affect his credit with the jury, but does not take away his competency. It is now settled that his evidence may be left to the jury, who, if they believe him, may convict the prisoner.
With respect to requiring proof of the pretended bills of sale by a subscribing witness, that was impossible to be effected, for Kennedy put his own name as one witness, and signed the name of two other persons, before there was any signature by a feigned vendor. They were introduced as forgeries incapable of being proved as genuine instruments, and offered only to show the probability of Jones's evidence.
The first reason in arrest of judgment is that the record does not show that the Superior Court of Lincoln appointed a foreman to the grand jury. To this objection the record furnishes an answer that there was a foreman to the grand jury, as appears both from the list of their names and his indorsement upon the bill of indictment, and he could be appointed only by the court; and as it is further stated that the grand jury was impaneled, sworn, and charged, we cannot be ignorant that the court had previously appointed a foreman. So with respect to the objection that the prisoner made no motion to remove the case from Lincoln: the prisoner made a strong affidavit for the removal, and it was ordered by the court. On all the grounds, I think the conviction is right.
PER CURIAM. Judgment affirmed.
Cited: S. v. Register, 133 N.C. 754. *Page 241 
(367)